```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMES CRUZ,                    : CIVIL NO. 1:07-CV-0319
                               :
        Petitioner             : (Judge Conner)
                               :
                               : (Magistrate Judge Smyser)
                               :
JONATHAN C. MINER and          :
UNITED STATES MARSHALS,        :
                               :
        Respondents            :
```

## REPORT AND RECOMMENDATION

On February 20, 2007, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

After the petitioner paid the filing fee, by an Order dated March 1, 2007, the respondents were ordered to show cause on or before March 21, 2007, why the petitioner should not be granted habeas corpus relief.  The Order of March 1st also provided that the petitioner may file a reply within 10 days of the filing of the response.

On March 8, 2007, the respondents filed a response to the petition for a writ of habeas corpus, and on March 20th the petitioner filed a reply.

The petitioner was convicted in the United States District Court for the District of Maine for conspiracy to distribute a controlled substance and various firearms offenses. *United States v. Cruz,* 156 F.3d 22, 25 (1st Cir. 1998). The petitioner was sentenced to imprisonment for 420 months to be followed by 8 years of supervised release. *Id.*

The petitioner's direct appeal was denied by the United States Court of Appeals for the First Circuit. *Id.* On May 17, 1999, the United States Supreme Court denied the petitioner's petition for a writ of certiorari. *Cruz v. United States*, 526 U.S. 1124 (1999).

In 2000, the petitioner filed a 28 U.S.C. § 2255 motion attacking his sentence in the United States District Court for the District of Maine. *See Doc. 7, Exhibit A - Docket Sheet - United States v. Cruz, 2:96-cr-00076-GC-1.*

2

The court denied the petitioner's § 2255 motion on October 4, 2000. *Id.*  On January 14, 2003, the First Circuit affirmed the decision denying the petitioner's § 2255 motion. *Cruz v. United States*, No. 00-2491, 2003 WL 105355 *1 (1st Cir. Jan. 14, 2003).

In the instant case, the petitioner claims that he was not read his *Miranda* rights at the time of his arrest, that the indictment against him was insufficient, that the district court lacked jurisdiction to convict him, and that his judgment of conviction is void because it was improperly executed.  The petitioner requests immediate release from custody.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> . . . .
>
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The petitioner is challenging his conviction and sentence.[1] Such a challenge should be brought by way of a § 2255 motion in the district court of conviction.

To be able to bring a § 2241 petition for a writ of habeas corpus, the petitioner must establish that he

---

1. The petitioner states that he is not challenging his conviction or sentence. Rather, the petitioner contends that he is only challenging his illegal confinement. However, his confinement is the result of his conviction and sentence. The petitioner claims that his judgment of conviction is void and he characterizes this claim as a claim relating to the execution of his sentence. However, even assuming *arguendo* that that claim is a claim relating to the execution of his sentence rather than a claim challenging his conviction and sentence, habeas corpus relief is not warranted. The petitioner contends that his judgment of conviction was improperly executed because the "return" portion of the judgment was signed by a prison official rather than the Marshal. However, there is no basis to conclude that the judgment of conviction is void simply because the "return" section was signed by a prison official rather than the Marshal.

4

satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.  The safety-valve language in § 2255 has been strictly construed.  *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective);  *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).  A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions.  Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539  (3d Cir. 2002).  "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id*. at 248. The Third Circuit went

on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251. However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

119 F.3d at 251.

In the instant case, the petitioner is not in a position similar to the petitioner in *Dorsainvil*. The petitioner in this case had an unobstructed procedural opportunity to raise his claims in connection with his direct appeal or in his first § 2255 motion. The fact that the petitioner's § 2255 motion was denied, that the petitioner may now be barred from filing a second § 2255

8

motion by the one-year statute of limitations or that the petitioner may not be able to meet the stringent gatekeeping requirements in order to file a second § 2255 motion does not render § 2255 inadequate or ineffective to test the legality of the petitioner's detention. *Cradle*, *supra,* 290 F.3d at 539.

The petitioner asserts that he should be allowed to proceed with his claims in a § 2241 petition because he has not been identified as a terrorist or an enemy combatant. Although the provisions of § 2255 were revised by the Antiterrorism and Effective Death Penalty Act (AEDPA), AEDPA applies even in non-terrorism cases.  Moreover, AEDPA did not revise the safety-valve language of § 2255.

The petitioner has not shown that the remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention.  Accordingly, the petitioner may not present his claims in a habeas petition, and it will be recommended that the petition for a writ of habeas corpus be dismissed.

On March 20, 2007, the petitioner filed a motion for an evidentiary hearing.  Since, we are recommending that the petition for a writ of habeas corpus be dismissed, we will also recommend that the petitioner's motion for an evidentiary hearing be denied.

Based on the foregoing, it is recommended that the petition's motion (doc. 8) for an evidentiary hearing be denied, that the petition (doc. 1) for a writ of habeas corpus be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 3, 2007.